# FARLEY & HOLMES
### ATTORNEYS AT LAW

Darren E. Holmes  (020841)
9401 West Thunderbird Road, Suite 145
Peoria, Arizona 85381-4899
Telephone: (623) 776-1500
Facsimile: (623) 776-1530
Email: Darren@FarleyHolmes.com

Attorneys for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: | Chapter 11 |
| STEVEN R. CALL and ROBYN G. CALL, | Case No. 2:10-bk-25251-CGC |
| Debtors. | **DEBTORS' PLAN OF REORGANIZATION** |
| Social Security Nos.: xxx-xx-9003 xxx-xx-0679 | (Assigned to the Honorable Charles G. Case II) |

Steven R. Call and Robyn G. Call (the "Debtors"), debtors-in-possession in the above-captioned bankruptcy estate, submit to the Court and creditors of the Debtors' estate the following Plan of Reorganization (the "Plan"), pursuant to section 1121(a) of the Bankruptcy Code.

I.      DEFINITIONS

        For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not otherwise defined have the meanings ascribed to them in Section I of the Plan. Any term used in the Plan that is not defined in the Plan but is defined in the Bankruptcy Code or the Bankruptcy Rules retains the meaning ascribed to

1

Exhibit A

such term in the Bankruptcy Code or the Bankruptcy Rules. Whenever the context requires, such terms include the plural as well as the singular, the masculine gender includes the feminine gender, and the feminine gender includes the masculine gender. As used in this Plan, the following terms have the meanings specified below:

Administrative Claim: A Claim for payment of an administrative expense of a kind specified in 11 U.S.C. § 503(b) or 1114(e)(2) and entitled to priority pursuant to Code section 507(a)(l), including, but not limited to, (a) the actual, necessary costs and expenses, incurred after the Petition Date, of preserving the bankruptcy estate and operating the Debtor's business, (b) all Allowed Claims of professionals appointed by the Bankruptcy Court, (c) all fees and charges assessed against the bankruptcy estate under 28 U.S.C. § 1930, and (d) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under Code section 546(c)(2).

Allowed Claim: Allowed Claim shall mean a Claim:

(a) with respect to which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rule 3003 of the Rules of Bankruptcy Procedure and to which no objection to the allowance of the Claim has been filed by the Debtors or any other party or as to which any such objection has been determined by an order or judgment of the Court which is no longer subject to appeal and to which no appeal is pending, or

(b) Scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b), Rules of Bankruptcy Procedure, and not listed as disputed, contingent or un-liquidated as to the amount.

An Allowed Claim shall not include un-matured or post-petition interest, penalties, fees or costs, unless specifically stated in the Plan. Notwithstanding section 502(a) of the Code and Rules 3001 and 3003, for the purposes of the Plan, a Claim shall not be an Allowed Claim unless it satisfies the definition of Allowed Claim under this Plan.

Allowed Interest: An Allowed Interest shall mean an Interest in the Debtors held by a person or entity, as of the Effective Date, and as to which Interest no objection has been

FARLEY & HOLMES
ATTORNEYS AT LAW

made within the time allowed for the making of objections, or as to which such Interest is allowed by a final order, or an Interest as to which a timely and proper proof of interest has been filed, and as to which proof of interest no objection has been made within the time allowed for making objections.

Allowed Priority Claim: The Allowed Claim of a Claimant that is entitled to priority in payment under 11 U.S.C. § 507(a)(2) - (a)(8).

Allowed Secured Claim: An Allowed Claim to the extent that such Allowed Claim is secured by a lien which is unavoidable, on property in which the estate has an interest, to the extent of the value of such Creditor's interest in the estate's interest in such property as determined in light of the purpose of the valuation and of the proposed disposition and use of such property and determined as of the Petition Date.

Allowed Unsecured Claim: An Allowed Claim to the extent that such Allowed Claim is not secured by a lien on property in which the estate has an interest.

Ballot: Each of the ballot forms distributed with the Disclosure Statement to holders of Impaired Claims entitled to vote as specified in this Plan in connection with the solicitation of acceptances of this Plan.

Bankruptcy Code: 11 U.S.C. § 101 et seq.

Bankruptcy Court: The United States Bankruptcy Court for the District of Arizona or any other court which may have jurisdiction over this case or any proceeding arising under, in, or relating to this case.

Bankruptcy Rule: The Federal Rules of Bankruptcy Procedure as amended and the Local Rules of the Bankruptcy Court, as applicable to the Chapter 11 Case or proceedings therein, as the case may be.

Bar Date: The date, if any, designated by the Bankruptcy Court as the last date for filing Proofs of Claim or Interest against the Debtors.

Chapter 11: Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. § 1101, et seq.

Claim: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal,

FARLEY & HOLMES
ATTORNEYS AT LAW

equitable, secured or unsecured, which right arose or accrued prior to the date of Confirmation, or; (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, un-matured, disputed, undisputed, secured, or unsecured, where such right arose or accrued prior to Confirmation, or; (c) a claim arising under 11 U.S.C. § 502(g).

Claimant or Creditor: Any person or entity that asserts a Claim.

Class: A category of holders of Claims or Interests as described in this Plan.

Confirmation: The signing by the Court of the Confirmation Order.

Confirmation Date: The date which the Confirmation Order is entered on the docket.

Confirmation Hearing: The hearing held by the Bankruptcy Court regarding confirmation of the Plan, as it may be continued from time to time.

Confirmation Order: The Order signed by the Bankruptcy Court pursuant to 11 U.S.C. § 1129 confirming this Plan.

Contingent Claim: Any Claim for which a proof of claim has been filed with the Bankruptcy Court: (a) which was not filed in a sum certain, or which has not accrued and is dependent on a future event that has not occurred and may never occur, and (b) which has not been allowed on or before the Confirmation Date.

Court: The United States Bankruptcy Court for the District of Arizona, which has jurisdiction in this case.

Debtors: Steven R. Call and Robyn G. Call.

Disbursing Agent: The Reorganized Debtors shall be the Disbursing Agent and shall make distributions to holders of Allowed Claims under the Plan.

Disclosure Statement: The Debtors' disclosure statement and any amendments and supplements thereto as approved by an order of the Bankruptcy Court.

Disputed Claim: A Claim which the Debtors listed as unliquidated, disputed or contingent in its Schedules or to which an objection has been filed which has not been resolved by a final order of the Bankruptcy Court.

FARLEY & HOLMES
ATTORNEYS AT LAW

Effective Date: Thirty (30) days after the Confirmation Date. If thirty (30) days after the Confirmation Date falls on a weekend or a holiday, the Effective Date will be the first business day thereafter.

Excess Cash Flow: Cash flow of the Debtors' post-petition income after deduction from their post-petition income as set forth in their Schedule I, all expenses as set forth in their Schedule J, including all payments to administrative, priority, and secured creditors.

Final Order: An order or judgment which has not been stayed.

Impaired: When used with reference to a Claim or Interest, a Claim or Interest that is impaired within the meaning of Code section 1124.

Insider: A person or entity within the definition contained at section 101(31) of the Bankruptcy Code.

Interest: Any equity interest in the Debtors as of the Effective Date.

Interest Holder: Any person or persons owning an Interest in the Debtors as of the Effective Date.

IRS: The Internal Revenue Service.

New Obligations: Those debts of the Debtors which existed pre-confirmation, but which are modified by the confirmed Plan resulting in the creation of a new note. The obligations for which the Reorganized Debtors have liability under the terms of the confirmed Plan. Said new obligations shall not be considered in default unless and until the Reorganized Debtors default on said obligations after the Effective Date.

Oversecured: The term describing the Allowed Claim of a secured Creditor when the value of the collateral securing said Allowed Claim exceeds the amount of the debt serving as the basis for said Allowed Claim.

Person: Any individual, corporation, partnership, joint venture, association, joint stock company, trust, unincorporated association or organization, governmental agency, or associated political subdivision.

Petition: The original petition under Chapter 11.

Petition Date: The date on which the Petition was filed, August 8, 2010.

FARLEY & HOLMES
ATTORNEYS AT LAW

**Plan:** This Plan of Reorganization and any amendments or supplements thereto.

**Plan Rate:** The rate of interest referred to in the Plan which is the prime rate.

**Proof of Claim:** The proof of claim that must be filed by a holder of an Impaired Claim by the Bar Date.

**Pro Rata:** The ratio of an Allowed Claim or Allowed Interest in a particular Class to the aggregate amount of all Allowed Claims or Allowed Interests in that Class.

**Reorganized Debtor:** The Debtors after the Effective Date.

**Residence:** The Debtors' real property located at 8616 West Clara Lane, Peoria, Maricopa County, Arizona (Lot 99 Fletcher Heights 3A-s360).

**Tax Claim Rate:** The rate of interest, to be determined by the Bankruptcy Court at the Confirmation Hearing, that, when applied to the amount of an Allowed Priority Claim to be paid in installments will result in such installments being of an aggregate value, as of the Effective Date, equal to the Allowed amount of such Claim, consistent with the requirements of 11 U.S.C. § 1129(a)(9). At the Confirmation Hearing, the Debtor will request the Court determine that the Tax Claim Rate is five percent per annum.

**Undersecured:** The term describing the Allowed Claim of a secured Creditor when the value of the collateral securing said Allowed Claim is less than the debt which serves as the basis of said Allowed Claim.

**Voting Deadline:** The voting deadline for voting to accept or reject this Plan, as determined by the Bankruptcy Court.

II.     **CLASSIFICATION OF CLAIMS AND INTERESTS.**

A.     **Priority Claims: Class 1**

Class 1-A consists of Allowed Priority Claims under 11 U.S.C. § 507(a)(2) (Administrative Claims).

Class 1-B consists of Allowed Priority Claims under 11 U.S.C. § 507(a)(8) (Tax Claims).

B.     **Secured Claims: Class 2**

Class 2-A consists of the Allowed Secured Claim of Bank of Aurora Loan

FARLEY & HOLMES
ATTORNEYS AT LAW

Services ("Aurora") related to its first position lien on the Debtors' Residence.

Class 2-B consists of the Allowed Secured Claim of Bank of America ("BofA") related to its second position lien on the Debtors' Residence.

Class 2-C consists of the Allowed Secured Claim of Wells Fargo N.A. ("Wells Fargo") related to its third position lien on the Debtors' Residence.

Class 2-D consists of the Allowed Secured Claim of Wells Fargo related to the Debtors' 2005 Ford Expedition.

C. General Unsecured Claims:

Class 3 consists of the Allowed Unsecured Claims of Creditors of the Debtors.

D. Debtors' Interest:

Class 4 consists of the Allowed Interest of the Debtors.

III. IMPAIRMENT OF CLASSES

Classes 1-A and I-B, are unimpaired under the Plan. All other classes are impaired, as that term is defined in 11 U.S.C. § 1124.

IV. TREATMENT OF CLASSES

A. Priority Claims: Class 1

1. Administrative Claims: 1-A

This Class consists of Allowed Priority Claims under 11 U.S.C. § 507(a)(2) (Administrative Claims) related to the Debtors. Unless they agree to an alternative form of treatment, the Allowed Claims of Class I-A shall be paid in full, in cash, by the earlier of the Effective Date or the date that such are allowed and ordered paid by the Court. Any Class I-A Claim not allowed as of the Effective Date shall be paid as soon thereafter as they are allowed by the Court according to the terms of this Class. The Allowed Administrative Claim of counsel for the Debtors that has not been paid as of the Effective Date, shall be paid in monthly payments of principal and interest, with interest at 8%, until paid in full.

2. Tax Claims: 1-B

This Class consists of Allowed Priority Claims under 11 U.S.C. §

FARLEY & HOLMES
ATTORNEYS AT LAW

507(a)(8) (Tax Claims). The Internal Revenue Service ("IRS") filed a Priority Claim based upon an estimated tax liability. The Debtors have been in contact with the IRS and have determined the accurate debt to be $20,211.29. The verified balance of $20,211.29 remaining liability owing to the IRS will be the IRS's Allowed Claim. As provided in 11 U.S.C. § 1129(a)(9)(C), The Priority claim must be repaid through regular installment payments in cash, with post confirmation interest, over a period not later that five (5) years after the petition date. Interest must be paid at the statutory rate set forth in IRC § 6621 and Sec. 6622 that in effect during the month the plan is confirmed as is required by 11 USC § 511. IRC Sec. 6622 calls for interest to be compounded daily. Any Class 1-B Claim not allowed as of the Effective Date shall be paid as soon thereafter as they are allowed by the Court according to the terms of this Class.

Discharge:

Individual debtors are only entitled to receive a discharge pursuant to 11 U.S.C. § 1141(d) (2) which excepts certain debts from discharge. Any amounts not paid through the plan including penalties on non-dischargeable priority taxes and post petition accruals, will survive the discharge. The debtors will not receive a discharge until completion of the plan payments 11 U.S.C. § 1141(d)(5).

Default Provisions:

In the event the Debtor defaults on any payment due the IRS as required under the confirmed plan, and in the event the Debtor fails to cure said default within thirty (30) days after written notice of the default is mailed to the Debtor and the Debtor's attorney, the entire imposed liability together with any unpaid current liabilities, shall become due and payable immediately. The IRS may collect unpaid liabilities that become due as a result of the default, through administrative collection provision or the judicial remedies as set forth in the Internal Revenue Code. The IRS shall not be required to see a modification from the automatic stay to collect any tax liabilities from the property that has revested with the Debtor.

FARLEY & HOLMES
ATTORNEYS AT LAW

B. <u>Secured Claims: Class 2</u>

1. Aurora: Class 2-A This Class consists of the Allowed Secured Claim held by Aurora which is secured by a first position deed of trust on the Debtors' Residence. The Debtors anticipate that they will reach a stipulation with Aurora as to the value of its Allowed Secured Claim and the treatment of that Allowed Secured Claim under the Plan. In the event such a stipulation is reached, it is specifically incorporated herein, and to the extent of any inconsistency between the terms of the stipulation and the terms of the Plan, the terms of the stipulation control. The Debtors asserts that Aurora's is in first position on the Residence. The Debtors believe the current value of the Residence is $320,000.00 based upon the current market and comparative sales. Aurora's Allowed Secured Claim shall be allowed at the value of the Residence. As a result, Aurora's Allowed Secured Claim is $320,000.00. This obligation will be paid at the current interest only rate for 60 months of the plan and then reamortized at the Allowed Secured Claim and paid with interest at the rate of 4.0%, with the Allowed Secured Claim fully amortized over 30 years. The first payment will be due on the Effective Date. Further, the funds necessary for the escrow account for real property taxes and insurance will be added to the monthly payment, the escrow account will remain in place for the payment of real property taxes and insurance, and any funds in the escrow account on the Petition Date will be used for that purpose. The Debtors may prepay this obligation without penalty at any time. Aurora shall release its lien in the Residence once its Allowed Secured Claim has been paid. The Debtors may sell the Residence at any time without penalty so long as the balance owing on Aurora's Allowed Secured Claim is satisfied out of the sale proceeds. The balance of Aurora's Allowed Claim shall be treated in accordance with Class 3.

2. <u>Bank of America: Class 2-B</u>

This Class consists of the Allowed Secured Claim held by Bank of America ("BofA") which is secured by a second position deed of trust on the Debtors' Residence. BofA filed a secured proof of claim in the amount of $151,010.25. The Debtors assert that

FARLEY & HOLMES
ATTORNEYS AT LAW

BofA's Claim is in second position on the Residence junior to Aurora. The Debtors believe the current value of the Residence is $320,000.00 based on the current market and comparative sales. BofA's Allowed Secured Claim would be allowed at the value of the Debtors' Residence minus all senior secured claims. As a result, BofA's Allowed Secured Claim is $0.00 ($320,000.00 value minus $368,918.29 Aurora's Allowed Secured Claim). The balance of BofA's Allowed Claim shall be treated in accordance with Class 3.

　　　　　　3.　　　Wells Fargo N.A.: Class 2-C

　　　　　　This Class consists of the Allowed Secured Claim held by Wells Fargo, which is secured by a third position Deed of Trust on the Debtors' Residence. Wells Fargo filed a secured proof of claim in the amount of $292,300.79. The Debtors assert that Wells Fargo's Claim is in third position on the Residence junior to Aurora and BofA. The Debtors believe the current value of the Residence is $320,000.00 based on the current market and comparative sales. Wells Fargo's Allowed Secured Claim would be allowed at the value of the Debtors' Residence minus all senior secured claims. As a result, Wells Fargo's Allowed Secured Claim is $0.00 ($320,000.00 value minus $368,918.29 Aurora's Allowed Secured Claim and BofA's Allowed Secured Claim of $151,010.25). The balance of Wells Fargo's Allowed Claim shall be treated in accordance with Class 3.

　　C.　　Unsecured Claims: Class 3

　　　　　　1.　　General Unsecured Claims: Class 3

　　　　　　Class 3 consists of the Allowed Unsecured Claims of Creditors. Class 3 Creditors shall be paid a pro-rata share from the Debtors' Excess Cash Flow, on a quarterly basis, in an amount sufficient to fund the value of the Debtors' Liquidation Equity (as calculated in the Debtors' Disclosure Statement), after all senior Allowed Claims have been paid in accordance with the terms of the Plan. Any Allowed Unsecured Claims that are determined to be non-dischargeable will continue to receive a pro-rata distribution of the Excess Cash Flow until satisfied in full.

　　D.　　Debtors' Interest: Class 4

　　　　　　1.　　Debtors' Interest: Class 4

FARLEY & HOLMES
ATTORNEYS AT LAW

The Debtors shall retain their interest in all estate property in consideration of their funding of Allowed Claims and shall receive all exempt property.

## V. MEANS FOR EXECUTING THE PLAN

### A. Funding

Pursuant to section 1123(a)(8) of the Bankruptcy Code, the Debtors shall provide for the payment to creditors under the Plan of all or such portion of earnings from personal services performed by the Debtors after the commencement of the case or other future income of the Debtors as is necessary for the execution of the Plan. The Debtors will contribute their Excess Cash Flow in an amount sufficient to fund the value of their Liquidation Equity.

### B. Liquidation of Estate Property.

The Debtors shall have the authority to retain such brokers, agents, counsel, or representatives, as they deem necessary to liquidate all assets of the bankruptcy estate. Prior to Confirmation, the Debtors shall sell their Real Property pursuant to an order of the Bankruptcy Court to the highest and best bidder. Any sales which occur post-confirmation shall not require approval of the Bankruptcy Court for the sale, although the Debtors will be free to seek such order if it deems appropriate.

### C. Management

The Reorganized Debtors will continue to operate under the same management structure utilized prior to Confirmation.

### D. Disbursing Agent.

The Reorganized Debtors shall act as the Disbursing Agent under the Plan.

### E. Documentation of Plan Implementation.

In the event any entity which possesses an Allowed Secured Claim or any other lien in any of the Debtors' property for which the Plan requires the execution of any documents to incorporate the terms of the Plan, fails to provide a release of its lien or execute the necessary documents to satisfy the requirements of the Plan, the Debtors may record a copy of this Plan or the Confirmation Order with the appropriate governmental

FARLEY & HOLMES
ATTORNEYS AT LAW

agency and such recordation shall constitute the lien release and creation of any necessary new liens to satisfy the terms of the Plan. If the Debtors deem advisable, they may obtain a further Order from the Court that may be recorded in order to implement the terms of the Plan.

VI.   <u>EFFECT OF CONFIRMATION</u>

Because the Debtors are individuals, pursuant to section 1141(d)(5) of the Bankruptcy Code, Confirmation of the Plan does not provide the discharge for the Debtors. The Debtors will move for the entry of a final decree after the Debtors have provided for the implementation of the Plan, and the final decree will contain the language providing the Debtors their discharge and such final decree will discharge any and all debts of the Debtors, that arose any time before the entry of the Confirmation Order, including, but not limited to, all principal and all interest accrued thereon, pursuant to section 1141 (d) of the Bankruptcy Code. The discharge shall be effective as to each Claim, regardless of whether a proof of claim thereon was filed, whether the Claim is an Allowed Claim, or whether the holder thereof votes to accept the Plan.

In addition, any pre-confirmation obligations of the Debtors dealt with in this Plan shall be considered New Obligations of the Debtors, and these New Obligations shall not be considered in default unless and until the Reorganized Debtors default on the New Obligations pursuant to the terms of the Plan. The New Obligations provided for in the Plan shall be in the place of, and completely substitute for, any pre-Confirmation obligations of the Debtors and, once the Plan is confirmed, the only obligations of the Debtors shall be such New Obligations as provided for under the Plan.

VII.   <u>OBJECTIONS TO AND ESTIMATIONS OF CLAIMS</u>

A.   <u>Objections and Bar Date for Filing Objections.</u>

As soon as practicable, but in no event later than 120 days after the Effective Date, objections to Claims shall be filed with the Bankruptcy Court and served upon the Debtors and the holders of each of the Claims to which objections are made pursuant to the Bankruptcy Code and the Bankruptcy Rules. Objections filed after such date will be barred.

FARLEY & HOLMES
ATTORNEYS AT LAW

B.    Settlement of Claims.

Settlement of any objection to a Claim not exceeding $10,000 shall be permitted on the eleventh (11th) day after notice of the settlement has been provided to the Debtors, the Creditors, the settling party, and other persons specifically requesting such notice, and if on such date there is no written objection filed, such settlement shall be deemed approved. In the event of a written objection to the settlement, the settlement must be approved by the Court on notice to the objecting party.

C.    Estimation of Claims.

For purposes of making distributions provided for under the Plan, all Claims objected to shall be estimated by the Disbursing Agent at an amount equal to (i) the amount, if any, determined by the Court pursuant to section 502(c) of the Bankruptcy Code as an estimate for distribution purposes; (ii) an amount agreed to between the Debtor and the Claimant; or, (iii) that amount set forth as an estimate in the Plan or Disclosure Statement. Notwithstanding anything herein to the contrary, no distributions shall be made on account of any Claim until such Claim is an Allowed Claim.

D.    Unclaimed Funds and Interest.

Distribution to Claimants shall be mailed by the Reorganized Debtors to the Claimants at the address appearing on the master mailing matrix unless the Claimant provides the Reorganized Debtors with an alternative address. For a period of one year from the date that a distribution was to be made by the disbursing agent but has gone uncollected by the Claimant, the disbursing agent shall retain any distributions otherwise distributable hereunder which remain unclaimed or as to which the disbursing agent has not received documents required pursuant to the Plan. Thereafter, the unclaimed funds shall revest in the Reorganized Debtors.

VIII.    NONALLOWANCE OF PENALTIES AND FINES

No distribution shall be made under this Plan on account of, and no other Allowed Claim, whether secured, unsecured, administrative, or priority, shall include any fine, penalty, exemplary or punitive damages, late charges, default interest or other monetary

FARLEY & HOLMES
ATTORNEYS AT LAW

charges relating to or arising from any default or breach by the Debtors, and any Claim on account thereof shall be deemed disallowed, whether or not an objection was filed to it.

## IX.   CLOSING OF CASE

Until this case is officially closed, the Reorganized Debtors will be responsible for filing pre- and post-confirmation reports required by the United States Trustee and paying the quarterly post-confirmation fees of the United States Trustee, in cash, pursuant to 28 U.S.C. § 1930, as amended. Pursuant to 11 U.S.C. § 1129(a)(12), all fees payable under section 1930 of title 28, as determined by the Court at the hearing on confirmation of the Plan, will be paid, in cash, on the Effective Date.

## X.   MODIFICATION OF THE PLAN

In addition to their modification rights under section 1127 of the Bankruptcy Code, the Debtors may amend or modify this Plan at any time prior to Confirmation without leave of the Court. The Debtors may propose amendments and/or modifications of this Plan at any time subsequent to Confirmation with leave of the Court and upon notice to Creditors. After Confirmation of the Plan, the Debtors may, with approval of the Court, as long as it does not materially or adversely affect the interests of Creditors, remedy any defect or omission or reconcile any inconsistencies of the Plan, or in the Confirmation Order, if any may be necessary to carry out the purposes and intent of this Plan.

## XI.   JURISDICTION OF THE COURT

The Court will retain jurisdiction until this Plan has been fully consummated for including, but not limited to, the following purposes:

1.   The classification of the Claims of any Creditors and the re-examination of any Claims which have been allowed for the purposes of voting, and for the determination of such objections as may be filed to the Creditor's Claims. The failure by the Debtors to object to or examine any Claim for the purpose of voting shall not be deemed to be a waiver of the Debtors' rights to object to or  to re-examine the Claim in whole or in part.

2.   To determine any Claims which are disputed by the Debtors, whether such objections are filed before or after Confirmation, to estimate any Unliquidated or

FARLEY & HOLMES
ATTORNEYS AT LAW

Contingent Claims pursuant to 11 U.S.C. § 502(c)(l) upon request of the Debtor or any holder of a Contingent or Unliquidated Claim, and to make determination on any objection to such Claim.

3.     To determine all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of Confirmation, between the Debtors and any other party, including but not limited to, any rights of the Debtors to recover assets pursuant to the provisions of the Bankruptcy Code.

4.     The correction of any defect, the curing of any omission or any reconciliation of any inconsistencies in this Plan, or the Confirmation Order, as may be necessary to carry out the purposes and intent of this Plan.

5.     The modification of this Plan after Confirmation, pursuant to the Bankruptcy Rules and the Bankruptcy Code.

6.     To enforce and interpret the terms and conditions of this Plan.

7.     The entry of an order, including injunctions, necessary to enforce the title, rights and powers of the Debtors, and to impose such limitations, restrictions, terms and conditions of such title, right and power that this Court may deem necessary.

8.     The entry of an order concluding and terminating this case.

XII.   RETENTION AND ENFORCEMENT OF CLAIMS

Pursuant to section 1123(b)(3) of the Bankruptcy Code, the Reorganized Debtors shall retain and may enforce any and all claims of the Debtors, except those claims specifically waived herein.

XIII.  EXECUTORY CONTRACTS

The Debtors reject all executory contracts and unexpired leases not otherwise assumed herein or by separate order of the Court. Claims for any executory contracts or unexpired leases rejected by the Debtors shall be filed no later than ten (10) days after the earlier of Confirmation or the date the executory contract or unexpired lease is specifically rejected. Any such Claims not timely filed and served shall be disallowed.

FARLEY & HOLMES
ATTORNEYS AT LAW

## XIV. REVESTING

Except as provided for in the Plan or in the Confirmation Order, on the Effective Date the Reorganized Debtors shall be vested with all the property of the estate free and clear of all claims, liens, charges, and other interests of Creditors, arising prior to the Effective Date. Upon the Effective Date, the Reorganized Debtors shall operate their business free of any restrictions.

DATED this 8th day of January, 2011.

FARLEY & HOLMES PLLC

/s/ Darren Holmes

By _____
Darren E. Holmes
Attorneys for Debtors
Steven and Robyn Call

_____
Steven R. Call, Debtor-In-Possession

_____
Robyn G. Call, Debtor-In-Possession

FARLEY & HOLMES
ATTORNEYS AT LAW

# District of Arizona
# Claims Register

### 2:10-bk-25251-CGC Steven R. Call and Robyn G. Call

| | | |
|---|---|---|
| **Judge:** Charles G. Case, II | **Chapter:** 11 | |
| **Office:** Phoenix | **Last Date to file claims:** 11/01/2010 | |
| **Trustee:** | **Last Date to file (Govt):** | |

---

| Creditor:   (9559786)<br>Discover Bank<br>Dfs Services LLC<br>PO Box 3025<br>New Albany, OH 43054-3025 | **Claim No: 1**<br>*Original Filed*<br>*Date:* 08/20/2010<br>*Original Entered*<br>*Date:* 08/20/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* WILSON, MELISSA<br>*Modified:* |
|---|---|---|

| Unsecured claimed: $3092.62 |
|---|
| **Total**    **claimed: $3092.62** |

| *History:* |
|---|
| Details   ⋑  1-1   08/20/2010 Claim #1 filed by Discover Bank, total amount claimed: $3092.62 (WILSON, MELISSA ) |
| *Description:* |
| *Remarks:* |

---

| Creditor:   (9584706)<br>Capital One Bank (USA), N.A.<br>by American Infosource Lp As Agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 | **Claim No: 2**<br>*Original Filed*<br>*Date:* 08/27/2010<br>*Original Entered*<br>*Date:* 08/27/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* HOGAN, G.<br>*Modified:* |
|---|---|---|

| Unsecured claimed: $6563.02 |
|---|
| **Total**    **claimed: $6563.02** |

| *History:* |
|---|
| Details   ⋑  2-1   08/27/2010 Claim #2 filed by Capital One Bank (USA), N.A., total amount claimed: $6563.02 (HOGAN, G. ) |
| *Description:* |
| *Remarks:* |

---

| Creditor:   (9592386)   History<br>Wells Fargo Bank, N.A.<br>Wells Fargo Auto Finance<br>13675 Technology Drive, Bldg. C, 2nd Flo<br>Eden Prairie, MN 55344-2252 | **Claim No: 3**<br>*Original Filed*<br>*Date:* 08/30/2010<br>*Original Entered*<br>*Date:* 08/30/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* CEGLA, CATHERINE<br>*Modified:* |
|---|---|---|

| *History:* |
|---|
| Details   ⋑  3-1   08/30/2010 Claim #3 filed by Wells Fargo Bank, N.A., total amount claimed: $3219.31 (CEGLA, CATHERINE ) |
| *Description:* (3-1) 2005 Ford Expedition |
| *Remarks:* (3-1) Total claim amt $3219.31 + 8.50% int |

EXHIBIT "B"

Secured claimed: $3219.31

**Total claimed: $3219.31**

*History:*

Details ❑ 3-1   08/30/2010 Claim #3 filed by Wells Fargo Bank, N.A., total amount claimed: $3219.31 (CEGLA, CATHERINE )

*Description:* (3-1) 2005 Ford Expedition

*Remarks:* (3-1) Total claim amt $3219.31 + 8.50% int

| *Creditor:* (9545259) IRS P.O. Box 1301 Charlotte NC 28201 | **Claim No: 4** *Original Filed Date:* 09/09/2010 *Original Entered Date:* 09/09/2010 | *Status:* *Filed by:* CR *Entered by:* MILCHLING, ROSE *Modified:* |
|---|---|---|

Unsecured claimed:   $0.00

Secured claimed:   $0.00

Priority claimed: $40422.58

**Total claimed: $40422.58**

*History:*

Details ❑ 4-1   09/09/2010 Claim #4 filed by IRS, total amount claimed: $40422.58 (MILCHLING, ROSE )

*Description:*

*Remarks:*

| *Creditor:* (9584706) Capital One Bank (USA), N.A. by American Infosource Lp As Agent PO Box 71083 Charlotte, NC 28272-1083 | **Claim No: 5** *Original Filed Date:* 09/10/2010 *Original Entered Date:* 09/10/2010 | *Status:* *Filed by:* CR *Entered by:* HOGAN, G. *Modified:* |
|---|---|---|

Unsecured claimed: $22771.14

**Total claimed: $22771.14**

*History:*

Details ❑ 5-1   09/10/2010 Claim #5 filed by Capital One Bank (USA), N.A., total amount claimed: $22771.14 (HOGAN, G. )

*Description:*

*Remarks:*

| *Creditor:* (9638780) RELIAMAX 5024 SOUTH BUR OAK PLACE SIOUX FALLS, SD 57108 | **Claim No: 6** *Original Filed Date:* 09/10/2010 *Original Entered Date:* 09/13/2010 | *Status:* *Filed by:* CR *Entered by:* Gilbert, Tory *Modified:* |
|---|---|---|

*History:*

Details ❑ 6-1   09/10/2010 Claim #6 filed by RELIAMAX, total amount claimed: $6711.77 (Gilbert, Tory )

*Description:* (6-1) 9003

*Remarks:* (6-1) 605-444-4845

Unsecured claimed: $6711.77

**Total**     **claimed: $6711.77**

*History:*

Details  ◕  6-1   09/10/2010 Claim #6 filed by RELIAMAX, total amount claimed: $6711.77 (Gilbert, Tory )

*Description:* (6-1) 9003

*Remarks:* (6-1) 605-444-4845

---

| | | |
|---|---|---|
| *Creditor:*   (9545261)   History<br>JP Maricopa, LLC<br>Dr. and Mrs. James Paddor<br>507 Larch Drive<br>Petaluma CA 94952 | **Claim No: 7**<br>*Original Filed*<br>*Date:* 09/10/2010<br>*Original Entered*<br>*Date:* 09/14/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Gilbert, Tory<br>*Modified:* |

Unsecured claimed: $22084.03

**Total**     **claimed: $22084.03**

*History:*

Details  ◕  7-1   09/10/2010 Claim #7 filed by JP Maricopa, LLC, total amount claimed: $22084.03 (Gilbert, Tory )

*Description:*

*Remarks:* (7-1) 707-477-3535

---

| | | |
|---|---|---|
| *Creditor:*   (9644182)<br>BANK OF AMERICA N.A<br>P.O.BOX 26012.NC4-105-02-99<br>GREENSBORO,NORTH CAROLINA<br>27420 | **Claim No: 8**<br>*Original Filed*<br>*Date:* 09/15/2010<br>*Original Entered*<br>*Date:* 09/15/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* BUCKLEY, LAWRENCE<br>*Modified:* |

Secured claimed: $151010.25

**Total**     **claimed: $151010.25**

*History:*

Details  ◕  8-1   09/15/2010 Claim #8 filed by BANK OF AMERICA N.A, total amount claimed: $151010.25 (BUCKLEY, LAWRENCE )

*Description:*

*Remarks:*

---

| | | |
|---|---|---|
| *Creditor:*   (9657239)<br>Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | **Claim No: 9**<br>*Original Filed*<br>*Date:* 09/18/2010<br>*Original Entered*<br>*Date:* 09/18/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* ROSSI, LAUREN<br>*Modified:* |

Unsecured claimed: $29045.72

Secured   claimed:    $0.00

Priority   claimed:    $0.00

*History:*

Details  ◕  9-1   09/18/2010 Claim #9 filed by Chase Bank USA, N.A., total amount claimed: $29045.72 (ROSSI, LAUREN )

*Description:*

*Remarks:*

| Unknown claimed: | $0.00 |
|---|---|
| **Total** | **claimed: $29045.72** |

*History:*

Details    9-1    09/18/2010 Claim #9 filed by Chase Bank USA, N.A., total amount claimed: $29045.72 (ROSSI, LAUREN )

*Description:*

*Remarks:*

---

| *Creditor:* (9657239)<br>Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | **Claim No: 10**<br>*Original Filed*<br>*Date:* 09/18/2010<br>*Original Entered*<br>*Date:* 09/18/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* ROSSI, LAUREN<br>*Modified:* |
|---|---|---|

| Unsecured claimed: $17903.37 | |
|---|---|
| Secured claimed: | $0.00 |
| Priority claimed: | $0.00 |
| Unknown claimed: | $0.00 |
| **Total** | **claimed: $17903.37** |

*History:*

Details    10-1    09/18/2010 Claim #10 filed by Chase Bank USA, N.A., total amount claimed: $17903.37 (ROSSI, LAUREN )

*Description:*

*Remarks:*

---

| *Creditor:* (9657239)<br>Chase Bank USA, N.A.<br>PO Box 15145<br>Wilmington, DE 19850-5145 | **Claim No: 11**<br>*Original Filed*<br>*Date:* 09/18/2010<br>*Original Entered*<br>*Date:* 09/18/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* ROSSI, LAUREN<br>*Modified:* |
|---|---|---|

| Unsecured claimed: $4971.20 | |
|---|---|
| Secured claimed: | $0.00 |
| Priority claimed: | $0.00 |
| Unknown claimed: | $0.00 |
| **Total** | **claimed: $4971.20** |

*History:*

Details    11-1    09/18/2010 Claim #11 filed by Chase Bank USA, N.A., total amount claimed: $4971.2 (ROSSI, LAUREN )

*Description:*

*Remarks:*

---

| *Creditor:* (9660456)<br>Aurora Loan Services, LLC<br>c/o Pite Duncan, LLP | **Claim No: 12**<br>*Original Filed*<br>*Date:* 09/20/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* SHELTON, KYLE |
|---|---|---|

*History:*

Details    12-1    09/20/2010 Claim #12 filed by Aurora Loan Services, LLC, total amount claimed: $368918.29 (SHELTON, KYLE )

*Description:* (12-1) loan no. xxxxxx6191

*Remarks:*

| 4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933 | *Original Entered*<br>*Date:* 09/20/2010 | *Modified:* |
|---|---|---|

Secured claimed: $368918.29

**Total** **claimed: $368918.29**

*History:*

Details ◌ 12-1 09/20/2010 Claim #12 filed by Aurora Loan Services, LLC, total amount claimed: $368918.29 (SHELTON, KYLE )

*Description:* (12-1) loan no. xxxxxx6191

*Remarks:*

---

| *Creditor:* (9665006)<br>Wells Fargo Bank, N.A.<br>c/o Wade M. Burgeson<br>Engelman Berger, P.C.<br>3636 North Central #700<br>Phoenix, AZ 85012 | **Claim No: 13**<br>*Original Filed*<br>*Date:* 09/21/2010<br>*Original Entered*<br>*Date:* 09/21/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* BURGESON, WADE<br>*Modified:* |
|---|---|---|

Secured claimed: $292300.79

**Total** **claimed: $292300.79**

*History:*

Details ◌ 13-1 09/21/2010 Claim #13 filed by Wells Fargo Bank, N.A., total amount claimed: $292300.79 (BURGESON, WADE )

*Description:*

*Remarks:*

---

| *Creditor:* (9733411)<br>JPMorgan Chase Bank, N.A.<br>c/o James B. Ball<br>Poli & Ball, P.L.C.<br>2999 N. 44th Street, Suite 500<br>Phoenix, AZ 85018 | **Claim No: 14**<br>*Original Filed*<br>*Date:* 10/08/2010<br>*Original Entered*<br>*Date:* 10/08/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* BALL, JAMES<br>*Modified:* |
|---|---|---|

Unsecured claimed: $107248.78

**Total** **claimed: $107248.78**

*History:*

Details ◌ 14-1 10/08/2010 Claim #14 filed by JPMorgan Chase Bank, N.A., total amount claimed: $107248.78 (BALL, JAMES )

*Description:* (14-1) MONEY LOANED

*Remarks:*

---

| *Creditor:* (9765336)<br>Patterson Dental Supply, Inc.<br>Scott Lifson C/O Bernick, Lifson, Greens<br>Green, 5500 Wayzata Blvd, Suite 1200<br>Minneapolis, MN 55416 | **Claim No: 15**<br>*Original Filed*<br>*Date:* 10/19/2010<br>*Original Entered*<br>*Date:* 10/19/2010 | *Status:*<br>*Filed by:* CR<br>*Entered by:* claimuser,<br>*Modified:* |
|---|---|---|

*History:*

Details ◌ 15-1 10/19/2010 Claim #15 filed by Patterson Dental Supply, Inc., total amount claimed: $135247.94 (claimuser)

*Description:* (15-1) Equipment financed

*Remarks:* (15-1) Filed via AZBWeb Access - Web Reference Number: 10-25251_bk_2_20101019_124012

Unsecured claimed:    $0.00
Secured   claimed:    $0.00
Priority   claimed:    $0.00
Unknown claimed: $135247.94
**Total**     **claimed: $135247.94**

*History:*
Details   ◑   15-1   10/19/2010 Claim #15 filed by Patterson Dental Supply, Inc., total amount claimed: $135247.94 (claimuser)

*Description:* (15-1) Equipment financed

*Remarks:* (15-1) Filed via AZBWeb Access - Web Reference Number: 10-25251_bk_2_20101019_124012

---

| *Creditor:*    (9545267) | **Claim No: 16** | *Status:* |
| US Dept of Education | *Original Filed* | *Filed by:* CR |
| P.O. Box 5609 | *Date:* 10/20/2010 | *Entered by:* EVANS, MELISSA |
| Greenville TX 75403 | *Original Entered* | *Modified:* |
| | *Date:* 10/20/2010 | |

Unsecured claimed: $70160.34
**Total**     **claimed: $70160.34**

*History:*
Details   ◑   16-1   10/20/2010 Claim #16 filed by US Dept of Education, total amount claimed: $70160.34 (EVANS, MELISSA )

*Description:*

*Remarks:*

---

| *Creditor:*    (9545248) | **Claim No: 17** | *Status:* |
| AdvanceMe, Inc. | *Original Filed* | *Filed by:* CR |
| 2015 Vaughn Road, Bldg. 500 | *Date:* 11/01/2010 | *Entered by:* Cayce, Connie |
| Kennesaw GA 30144 | *Original Entered* | *Modified:* |
| | *Date:* 11/02/2010 | |

Unsecured claimed: $60446.70
**Total**     **claimed: $60446.70**

*History:*
Details   ◑   17-1   11/01/2010 Claim #17 filed by AdvanceMe, Inc., total amount claimed: $60446.7 (Cayce, Connie )

*Description:*

*Remarks:* (17-1) 770.590.9822

## Claims Register Summary

**Case Name:** Steven R. Call and Robyn G. Call
**Case Number:** 2:10-bk-25251-CGC
**Chapter:** 11
**Date Filed:** 08/10/2010
**Total Number Of Claims:** 17

| Total Amount Claimed | Total Amount Allowed |
|---|---|

| | | |
|---|---|---|
| Unsecured | $350998.69 | |
| Secured | $815448.64 | |
| Priority | $40422.58 | |
| Unknown | $135247.94 | |
| Administrative | | |
| Total | $1342117.85 | $0.00 |

<table>
<tr><td colspan="4" align="center"><strong>PACER Service Center</strong></td></tr>
<tr><td colspan="4" align="center"><strong>Transaction Receipt</strong></td></tr>
<tr><td colspan="4" align="center">01/08/2011 08:17:29</td></tr>
<tr><td>PACER Login:</td><td>mp0954</td><td>Client Code:</td><td></td></tr>
<tr><td>Description:</td><td>Claims Register</td><td>Search Criteria:</td><td>2:10-bk-25251-CGC Creditor Type: cr Filed or Entered From: 1/1/1977 Filed or Entered To: 1/10/2011</td></tr>
<tr><td>Billable Pages:</td><td>2</td><td>Cost:</td><td>0.16</td></tr>
</table>

In re **STEVEN & ROBYN CALL**
　　　　Debtor(s)

Case Number: **10-BK-25251**
　　　　(If known)

## CHAPTER 11 STATEMENT OF CURRENT MONTHLY INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 11 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| Part I. CALCULATION OF CURRENT MONTHLY INCOME | | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. <br> a. ☐ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 2-10.** <br> b. ☐ **Married, not filing jointly. Complete only Column A ("Debtor's Income") for Lines 2-10.** <br> c. ☑ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A** <br> **Debtor's** <br> **Income** | **Column B** <br> **Spouse's** <br> **Income** |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 12,500.00 | $ 0.00 |
| 3 | **Net income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. <br><br> a. Gross receipts — $ <br> b. Ordinary and necessary business expenses — $ <br> c. Business income — Subtract Line b from Line a. | $ | $ |
| 4 | **Net rental and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. <br><br> a. Gross receipts — $ <br> b. Ordinary and necessary operating expenses — $ <br> c. Rent and other real property income — Subtract Line b from Line a. | $ | $ |
| 5 | **Interest, dividends, and royalties.** | $ | $ |
| 6 | **Pension and retirement income.** | $ | $ |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ | $ |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: <br><br> Unemployment compensation claimed to be a benefit under the Social Security Act Debtor $ _____ Spouse $ _____ | $ | $ |



EXHIBIT "C"

| 9 | Income from all other sources. Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | |
|---|---|---|---|---|
| | a. | | $ | | |
| | b. | | $ | $ | $ |
| 10 | **Subtotal of current monthly income.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | $ 12,500.00 | $ |
| 11 | **Total current monthly income.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | $ | 12,500.00 |

## Part II: VERIFICATION

| 12 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this a joint case, both debtors must sign.)*

Date:  01/08/2011                         Signature:  /s/ Steven R. Call
                                                                *(Debtor)*

Date:  01/08/2011                         Signature:  /s/ Robyn G. Call
                                                                *(Joint Debtor, if any)* |

In re
   Steven R. Call
   Robyn G. Call
                         Debtor(s)
        Case No.   10-bk-25251

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Married | RELATIONSHIP(S):<br>Daughter<br>Son<br>Son<br>Daughter | AGE(S):<br>10<br>11<br>13<br>17 | |
| Employment: | DEBTOR | SPOUSE | |
| Occupation | Clinical Director | | |
| Name of Employer | Mid Western University | Student | |
| How long employed | 6 months | | |
| Address of Employer | 19555 N. 59th Ave.<br>Glendale, AZ 85308 | | |

| | DEBTOR | | SPOUSE |
|---|---|---|---|
| INCOME: (Estimate of average or projected monthly income at time case filed) | | | |
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 12,500.00 | $ | 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ 12,500.00 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | $ 3,125.00 | $ | 0.00 |
| b. Insurance | $ 750.00 | $ | 0.00 |
| c. Union dues | $ 0.00 | $ | 0.00 |
| d. Other (Specify): | $ 0.00 | $ | 0.00 |
| | $ 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 3,875.00 | $ | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 8,625.00 | $ | 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ | 0.00 |
| 8. Income from real property | $ 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ | 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ | 0.00 |
| | $ 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify): | $ 0.00 | $ | 0.00 |
| | $ 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 8,625.00 | $ | 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 8,625.00 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Dental practice has had a dramatic reduction in business due to the poor economy. Debtor closed practive in March 2010.**

In re   Steven R. Call
       Robyn G. Call                          Case No.   10-bk-25251
                            Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 1,391.00 |
|   a. Are real estate taxes included? | Yes X   No ___ | | |
|   b. Is property insurance included? | Yes X   No ___ | | |
| 2. Utilities:   a. Electricity and heating fuel | | $ | 300.00 |
|           b. Water and sewer | | $ | 60.00 |
|           c. Telephone | | $ | 80.00 |
|           d. Other   See Detailed Expense Attachment | | $ | 400.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 100.00 |
| 4. Food | | $ | 900.00 |
| 5. Clothing | | $ | 200.00 |
| 6. Laundry and dry cleaning | | $ | 50.00 |
| 7. Medical and dental expenses | | $ | 200.00 |
| 8. Transportation (not including car payments) | | $ | 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 300.00 |
| 10. Charitable contributions | | $ | 1,350.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
|           a. Homeowner's or renter's | | $ | 0.00 |
|           b. Life | | $ | 0.00 |
|           c. Health | | $ | 0.00 |
|           d. Auto | | $ | 200.00 |
|           e. Other _____ | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
|         (Specify) _____ | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
|           a. Auto | | $ | 800.00 |
|           b. Other   Student Loans | | $ | 740.00 |
|           c. Other _____ | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other   See Detailed Expense Attachment | | $ | 816.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | 8,187.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | | |
|---|---|---|---:|
| a. | Average monthly income from Line 15 of Schedule I | $ | 8,625.00 |
| b. | Average monthly expenses from Line 18 above | $ | 8,187.00 |
| c. | Monthly net income (a. minus b.) | $ | 438.00 |

Steven R. Call
In re    Robyn G. Call                                                Case No.    10-bk-25251
                                   Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

Other Utility Expenditures:

| | | |
|---|---|---|
| Cell phones | $ | 200.00 |
| cable | $ | 100.00 |
| gas | $ | 100.00 |
| Total Other Utility Expenditures | $ | 400.00 |

Other Expenditures:

| | | |
|---|---|---|
| kids school lunches | $ | 200.00 |
| kids sports | $ | 150.00 |
| high school & college prep books | $ | 50.00 |
| kids party gifts & field trips | $ | 100.00 |
| summer camps and church events | $ | 100.00 |
| Chapter 11 quaretly fee of $650 | $ | 216.00 |
| Total Other Expenditures | $ | 816.00 |